KOH/GDB: USAO 2016R00212

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *    CRIMINAL NO. PWG 17 cr 518 |
| | * |
| SHERRIE LYNNE BRYANT, | *    (Obstruction of Federal Audit, |
| | *    18 U.S.C. § 1516; Aiding and |
| Defendant | *    Abetting, 18 U.S.C. § 2) |
| | * |

\*\*\*\*\*\*\*

### INDICTMENT

### COUNTS ONE THROUGH THREE
(Obstruction of Federal Audit)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **SHERRIE LYNNE BRYANT ("BRYANT")** was employed by Company A in Company A's Human Resources department.

2. Company A was a limited liability company with a sole office located in Upper Marlboro (Prince George's County), Maryland. Company A provided job coaching services to mentally challenged adults in the District of Columbia and Maryland.

3. The District of Columbia Medicaid program ("D.C. Medicaid") was a healthcare program under 18 U.S.C. § 24(b). D.C. Medicaid was a cooperative federal-state program that was partially funded by United States Center for Medicare and Medicaid Services ("CMS").

4. D.C. Medicaid was administered by the District of Columbia's Department of Health, the Department of Disability Services ("DDS"), and the Department of Healthcare Finance ("DHCF").

5. D.C. Medicaid paid for services, including job coaching services, for low-income and disabled individuals.

6. A D.C. Medicaid provider could bill for "professional" job coaching services only if the job coach graduated from a four-year college and had at least two years of experience in supported employment. A provider could also bill for "paraprofessional" job coaching services only if the job coach had at least a high school diploma and three years of supported employment.

7. From at least in or about 2010 through at least in or about November 2012, Company A billed D.C. Medicaid for job coaching services provided by Company A at an artificially inflated rate. Specifically, Company A submitted bills to D.C. Medicaid for "professional" job coaching services provided by individuals without a four-year college degree, and submitted bills to D.C. Medicaid for "paraprofessional" job coaching services provided by individuals without a high school degree.

8. Between on or about October 15, 2012 through on or about October 17, 2012, DDS conducted a Provider Certification Review ("PCR") of Company A's service and billing practices. By that time, Company A employed numerous individuals as job coaches, and provided job coaching services to several mentally challenged adults.

### The Charges

9. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**SHERRIE LYNNE BRYANT,**

with the intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede a Federal auditor in the performance of official duties relating to D.C. Medicaid, a health

care benefit program receiving in excess of $100,000, directly and indirectly, from the United States in any one year period, by engaging in the following conduct:

| COUNT | DATE | CONDUCT |
|---|---|---|
| 1 | October 15, 2012 | In advance of Individual 1's interview with an auditor, **BRYANT** provided Individual 1 with a false resume reflecting a four-year degree that Individual 1 did not earn. |
| 2 | Between October 15, 2012 and October 17, 2012 | **BRYANT** instructed Individual 2 to falsely inform auditors that Individual 2 obtained a four-year college degree. |
| 3 | October 16, 2012 | **BRYANT** provided auditors with Company A's employee personnel files, which contained false documents. |

18 U.S.C. § 1516
18 U.S.C. § 2

*Stephen M. Schenning* /KOH
Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: October 5, 2017

3